In the Matter of NORDAM WINDOW & HOUSE CLEANING Co., INC., et al., Petitioners, against JOHN E. CONNELLY et al., as Commissioners of the State Insurance Fund, Respondents.

Supreme Court, Special Term, Bronx County, July 20, 1943.

*Sidney Sugarman* and *Fred S. Weitzner* for petitioners.

*William F. O'Rourke, General Attorney* (*Patrick S. Mason* and *James A. Rafferty* of counsel) for respondents.

HOFSTADTER, J. The petitioners, engaged in the business of window cleaning, seek a review pursuant to article 78 of the Civil Practice Act of the action taken by the respondents, the Commissioners of the State Insurance Fund, in imposing a fine of $1,032.96 for a violation of the Special Group Rules of The Accident Prevention and Safety League, Inc. The petitioners are members of a corporation known as Group No. XLV of The Accident Prevention and Safety League, Inc., composed of a number of window-cleaning firms. This cor-

poration was formed under the supervision of the State Insurance Fund and in conformity with the provisions of the Workmen's Compensation Law. By reason of the extreme hazards of the window-cleaning occupation, private companies reject compensation coverage for window cleaners, and they are consequently compelled to obtain this compensation coverage from the State Insurance Fund.

Upon becoming members of the Group, the petitioners were compelled to subscribe to, and abide by, the rules of the Group. The pertinent rules are:

Rule 9(b). "DAILY REPORT: Mail to the State Fund, before 10:00 A. M., every day, in duplicate, on the forms furnished by it, the name of every window cleaner employee who is to work part or full time on that day. When a window cleaner employee has been reported as working, and fails to report for work, a corrected daily report must be mailed before 12:00 o'clock noon on the same day."

Rule 16. "PENALTIES FOR FAILURE TO COMPLY WITH THE RULES. Penalties for failure to comply with these rules shall be imposed after a hearing before an authorized representative of the State Fund, in accordance with a schedule of additional premium payments adopted by the Fund and which are made a part of these rules."

"SCHEDULE OF ADDITIONAL PREMIUM PAYMENTS * * *. Section B. If the assured is found guilty, an additional premium charge shall be imposed according to the nature and the number of the offenses in accordance with the following schedule: * * * Submitting incorrect daily and weekly reports (failing to report). 3. For first offense, $50.00 additional premium, plus premium for one day for each regular window cleaning employee."

The petitioners were charged by the State Insurance Fund with violation of the rules in two respects: " (1) That it failed to list and report to The Fund for premium purposes eleven (11) window cleaning employees, namely, Cole, Page, Jones, Dukes, Carter, Fields, Dorsey, Smith, Foote, De Ancey, and Ackeridge as having worked on August 28th, 1940, at a school located in Brooklyn, New York.

" (2) That assured failed to list and report to The Fund for premium purposes sixteen (16) window cleaning employees as having worked on Sunday, September 7th, 1941, at Hunter College."

After the charges were filed against the petitioners a trial was held before the Senior Attorney of the State Insurance

Fund. Charge No. 1 was dismissed and charge No. 2 was sustained, and the petitioners were fined the sum of $1,032.96. This fine was arrived at in the following manner: Sixteen men had been employed in window cleaning on Sunday, September 7, 1941, at Hunter College. For each of these men an assessment of $50 was levied, making a total of $800. In addition, the Fund concluded that the failure to report each man constituted a separate offense and that, therefore, sixteen reports were required. Accordingly, the number of men employed, namely sixteen, was multiplied by the number of reports, to wit, sixteen, and they arrived at the *per diem* basis of 256. This figure was multiplied by ninety-one cents, the daily premium per man, resulting in the sum of $232.96. This sum, added to the $800 assessment hereinbefore mentioned, aggregated a total fine of $1,032.96.

The petitioners challenge the imposition of the fine on several grounds: (1) that no authority exists in law for the imposition of the penalty assessed against them; (2) that the Fund failed to adduce sufficient evidence to warrant the finding of guilt; and (3) that the rule under which the Fund purported to assess the fine was ambiguous, uncertain and discriminatory, and that in no event should a fine greater than $64.58 have been imposed on the petitioner.

When the Workmen's Compensation Law was originally enacted, section 97 provided for the making of rules for accident prevention, subject to the approval of the Commissioner of the Fund and the Industrial Board of the Labor Department. Such section was, however, after several years of experience, found to have been incomplete; and as a result the section was amended and renumbered as section 91 (L. 1938, ch. 585). This latter section now provides for the maintenance for the group of special rules concerning administration, accident prevention, and medical care of employees.

Section 91, as now constituted, reads: " 91. Groups for accident prevention. For any group established under the provisions of section ninety membership in the group of any employer otherwise entitled to be admitted thereto may be conditional upon acceptance and maintenance of special rules as to administration and as to accident prevention and medical care of employees. Such limitation of membership in the group may be established only upon proper evidence that a majority of the members of the group have approved such rules and only when such rules have been approved by the commissioners as sufficient to constitute a proper basis of differentiation as to

membership in the group." In conformity with this provision, the Special Group Rules governing Group XLV were adopted by the State Insurance Fund Group membership and approved by the Industrial Commissioner. The rules before final adoption were unanimously accepted and approved by the Accident Prevention and Safety League, Inc., of which the petitioners are members.

The window-cleaning industry is, of necessity, hazardous by nature and, if stringent Group rules as to administration and as to accident prevention were not adopted, the administration of such a Group would be a practical impossibility. Obviously realizing the situation with which it was confronted and being familiar with the past history of this industry and the difficulty in obtaining proper pay-roll reports and earned premium, the special rules administering this Group were adopted and approved in accordance with section 91 of the Workmen's Compensation Law. The rules adopted were in strict conformity with the provisions of section 91 of the Workmen's Compensation Law and simply provide a method whereby the administration, accident prevention and medical care of the employees might be effectively enforced. In order to give efficacy to section 91, the State Insurance Fund adopted the rules hereinbefore mentioned and which are now challenged by the petitioners.

I find nothing in rule 16 which in any way conflicts with the intent and purpose of the Workmen's Compensation Law and particularly with section 91 of that Law. The imposition of a fine for infraction of the rules, provided it is not arbitrary, comes squarely within the meaning and intent of section 91 of the Workmen's Compensation Law. Petitioners argue that the failure to file a report has nothing to do with either the administration of the Fund or with accident prevention and medical care of the employees. Simply to state the ground of the opposition by petitioners to the rule is to demonstrate that it is insupportable. An orderly administration by the State Insurance Fund of the Workmen's Compensation Law requires regular and prompt reports from the window-cleaning industry, and the threat of a fine carries with it a weapon sufficient to compel obedience to the Law. I am unable to find that anything in rule 9(b) and rule 16 of the Group rules constitutes an infringement upon section 91 of the Workmen's Compensation Law.

There is ample evidence in the record to sustain the finding by the trial commissioner that the petitioners were guilty of a violation of the Group rules.

However, I am of the opinion that the respondents did not properly interpret rule 16 in imposing the fine against the petitioners. Insofar as applicable here, the rule states that a fine may be imposed as follows: "For first offense, $50.00 additional premium, plus premium for one day for each regular window cleaning employee." As I read this rule, the respondents are permitted to fine the petitioners $50 additional premium for the first offense. The first offense here was the failure to report to the State Insurance Fund the number of men employed on September 7, 1941, at Hunter College. The respondents were not permitted, under this rule, to levy a fine of $50 for each employee, as the failure to send in a report with respect to the work of the sixteen employees on a particular day on a particular job constituted one offense.

This rule, however, does permit the respondents to impose a fine for each employee for each day the petitioners failed to file a report. The language so recites. Computed, therefore, on this basis, the respondents would be entitled to impose a fine of $50 as an additional premium for the one offense in addition to ninety-one cents for the one day's delay, multiplied by the number of employees, namely, sixteen. This latter sum would amount to $14.56, which, added to the additional premium of $50, would make a total of $64.56. If there is any ambiguity in the language which is the subject of the controversy, that ambiguity should be resolved in favor of the offender, particularly where, as here, the fine imposed by the respondents is incompatible with the gravity of the offense.

Accordingly, the application for review is sustained to the extent of reducing the fine from $1,032.96 to $64.56. Settle order.